UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE M. KNOPE

     Plaintiff,

v.

THE MICHIGAN STATE NURSES
ASSOCIATION OF THE
AMERICAN NURSES
ASSOCIATION,

     Defendant.

_____/

Case No. 19-13257

Stephanie Dawkins Davis
United States District Judge

David R. Grand
United States Magistrate Judge

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS (ECF No. 7)**

## I.    INTRODUCTION

This is an employment discrimination dispute brought under the Americans

with Disabilities Act (ADA), 42 U.S.C. § 12111 *et seq*., and the Michigan Persons

with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1101 *et seq*.  Plaintiff

Leslie Jean Knope alleges that Defendant Michigan State Nurses Association of

the American Nurses Association ("MNA") harassed and terminated her due to her

disabilities: fibromyalgia and a severe perfume allergy.  (ECF No. 1).

Before the court is MNA's motion to dismiss without prejudice for improper

venue under Rule 12(b)(3), or, in the alternative, to transfer venue to the Western

District of Michigan under 28 U.S.C. § 1406.  (ECF No. 7).  Knope filed a

1

response (ECF No. 8), and MNA filed a reply (ECF No. 9).  The court has

determined that a hearing on the motion is not necessary.  For the reasons set forth

below, MNA's motion is **DENIED**.

## II.    FACTUAL BACKGROUND

MNA is a Michigan nonprofit corporation representing registered nurses

throughout Michigan and Wisconsin who are licensed in the State of Michigan.

Knope worked at MNA from about April to late November in 2018 and claims that

she was subjected to the above-referenced discriminatory conduct during that time.

MNA's principal place of business is in Okemos, Ingham County, Michigan and

"its entire staff all meet and work out of the MNA office."  (ECF No. 9-1,

PageID.75).  MNA hired Knope on or about April 30, 2018 for a temporary

position as an Organizer.  (ECF No. 1, PageID.2-3); (*see also* ECF No. 9-1,

PageID.75).  MNA states that Knope's home office was at the MNA office (ECF

No. 9-1, PageID.75), but Knope says that she spent the "majority of her time"

assigned in Ann Arbor (ECF No. 8, PageID.46).

In May 2018, Knope notified her manager during a work assignment in

Lansing, Ingham County, Michigan that she suffers from fibromyalgia.  As a

result, she needed "periodic rest and the ability to sit" and her clothes needed to be

breathable.  (ECF No. 1, PageID.3); (*see also* ECF No. 9-1, PageID.75).  Knope

also requested a hotel accommodation in Manistee County after transporting

individuals in high degree weather and asked for certain days off for a severe

perfume allergy; she alleges that each of her requested accommodations were

denied.  (ECF No. 1, at PageID.3); (*see also* ECF No. 9-1, PageID.75).  These

allegations form the basis for her request for relief.  MNA contends that since it is

headquartered in the Western District and the foregoing events occurred there,

venue in this district is improper.

### III.    MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss a

case for improper venue.  *See Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for

the W.D. of Tex.*, 571 U.S. 49, 50 (2013).  The Sixth Circuit does not yet

distinguish which party bears the burden of proof on a Rule 12(b)(3) motion, but

"other circuits . . . place the burden on [the] plaintiff."  *Meng Huang v. Ohio State

Univ.*, 2019 WL 2120968, at *2 (E.D. Mich. May 14, 2019) (citing *Anonymous v.

Kaye*, 1996 WL 734074, at *2 (2d Cir. 1996)).

When a defendant moves to dismiss for want of proper venue, the court must

accept the plaintiff's well-pleaded factual allegations as true and "draw all

reasonable inferences from those allegations in [her] favor."  *Whipstock v.

Raytheon Co.*, 2007 WL 2318745, at *2 (E.D. Mich. Aug. 10, 2007).  However, if

the defendant provides "specific facts that defeat a plaintiff's assertion of venue,"

then those facts will override the plaintiff's contradicted allegations.  *See, e.g.*,

*Calobrisi v. Booz Allen Hamilton, Inc.*, 58 F. Supp. 3d 109, 112 (D.D.C. 2014) (citing *McQueen v. Harvey*, 567 F. Supp. 2d 184, 186 (D.D.C. 2008).

Where "a case [is filed] laying venue in the wrong division or district[,]" Section 1406 allows a district court to dismiss the matter or, in the interest of justice, transfer the case to a district in which it could have been brought.  28 U.S.C. § 1406(a); *see also K-Tex, LLC v. Cintas Corp.*, 693 Fed. Appx. 406, 409 (6th Cir. 2017) ("[Section] 1406 [is] for cases brought in an improper venue.") (citing *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980)).  "Generally, the 'interest of justice' requires courts to transfer cases to the appropriate judicial district, rather than to dismiss them."  *Whipstock*, 2007 WL 2318745, at *2 (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962)).

## IV.   ANALYSIS

### A.   Title VII's Special Venue Provision

Although Rule 12(b)(3) permits a party to move to dismiss where venue is improper, "the rules of Civil Procedure do not contain any venue provisions or requirements."  *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 538 (6th Cir. 2002).  In general, venue is proper in a judicial district where "any defendant resides" or where "a substantial part of the events or omissions giving rise to the claim occurred"; if neither is applicable, venue is proper where the defendant is "subject to the court's personal jurisdiction."  28 U.S.C. § 1391(b)(1)-(3).

However, in ADA actions such as this, the requirements for venue are set forth in a separate statute, namely Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 12117 (incorporating by reference Title VII's special venue provision).

Pursuant to Title VII's "special venue provision," venue is proper:

> [i]n any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3); *see also* 42 U.S.C. § 12117(a) (incorporating the requirements of 2000e-5 by reference).

B.    Venue is Not Improper in the Eastern District

MNA argues that Knope's complaint should be dismissed under Rule 12(b)(3) or transferred under § 1406(a) because venue has been improperly laid under 42 U.S.C. § 2000e-f(f)(3). (ECF No. 7, PageID.17-18). However, based on the plain language of the statute, the court disagrees.

Venue is not improper in the Eastern District of Michigan. Under the language of Title VII's special venue provision, venue is proper "*in any judicial district in the State* in which the unlawful employment practice is alleged to have been committed…." 42 U.S.C. § 2000e-5(f)(3) (emphasis added). The parties are

5

in agreement that all events giving rise to Knope's cause of action occurred in the State of Michigan.  Indeed, in an affidavit attached to MNA's Reply, Sascha Eisner, Knope's former supervisor, attests that Knope informed MNA of her disabilities in Ingham County; Knope requested a hotel accommodation for her disability in Manistee County – a request which MNA denied; Knope and MNA's managers met at MNA's office in Ingham County for regular meetings, including meetings discussing Knope's accommodations; Eisner and other managers made the decision to fire Knope during a meeting in the MNA office in Ingham County; and Knope had an assignment in Ann Arbor.  (ECF No. 9-1, PageID.75).

For her part, Knope alleges that she spent the "majority of her time" working in Ann Arbor and that, during this time, she notified MNA of her disabilities and requested an accommodation.  (ECF No. 8, PageID.46-47).  The court takes judicial notice of the fact that Ingham and Manistee Counties are located in Michigan, as is the City of Ann Arbor.  *See* Fed. R. Evid. 201(b)(1) (providing that the district court may take judicial notice of a fact that "is generally known within the trial court's territorial jurisdiction").  Thus, although the parties dispute where, specifically, the relevant events occurred, they are in accord on the fact that all events occurred in Michigan.

MNA's reliance on the unpublished decision of *Meng Huang v. Ohio State Univ.*, 2019 WL 2120968, at *3 (E.D. Mich., May 14, 2019) for the proposition

that venue does not lie in the Eastern District of Michigan is misplaced.  In that case, both the plaintiff and the defendants were located in the State of Ohio, and the events giving rise to the plaintiff's complaint occurred in Ohio.  Nevertheless, the plaintiff filed suit in the Eastern District of Michigan, claiming that the effects of the discrimination were felt in this district since the defendants' alleged discriminatory conduct resulted in an employer reneging on a job offer in this district.  The *Huang* court properly found that venue did not lie in Michigan as all of the alleged discriminatory conduct occurred in Ohio, the records were there, and no other provision of the special venue statute applied.  MNA apparently attempts to draw a parallel between the *Huang* plaintiff's argument that venue in Michigan was appropriate because the effects of the defendant's discrimination were felt in Michigan, and Knope's suggestion that the effects of MNA's alleged discrimination were felt in the Eastern District of Michigan.  But the comparison is inapt; Knope has not filed suit in a different state from where the alleged violating conduct occurred.  Importantly, the special venue statute makes no distinction between districts within a state, but rather applies venue statewide – indeed "any judicial district" in the state.

Because venue is proper "*in any judicial district in the State* in which the unlawful employment practice is alleged to have been committed…."  42 U.S.C. § 2000e-5(f)(3) (emphasis added), venue in this case is proper in any federal district

7

in Michigan—Eastern or Western. *See Phillippe v. Allen County Child Support,* 2007 WL 4460625, at *2 (E.D. Ohio Dec. 14, 2007) (finding that venue in Title VII sex discrimination matter was proper in the Eastern District of Ohio because "the alleged misconduct *all occurred within the State of Ohio*, thereby restricting venue under the first prong of § 2000e-5(f)(3) *to any judicial district in Ohio*") (emphasis added). Therefore, Knope has properly laid venue in this district. Because venue is proper, MNA's first request for relief—dismissal without prejudice—is **DENIED**.

### C.    The Matter Should Not Be Transferred

In the alternative, MNA requests that this matter be transferred to the Western District of Michigan under 28 U.S.C. § 1406(a). But Section 1406(a) applies only for cases brought in an improper venue. *K-Tex, LLC*, 693 Fed. Appx. at 409.

When, as here, the plaintiff has properly laid venue, 28 U.S.C. § 1404(a) permits a district court to transfer a matter in certain circumstances. *Id.* But, as explained below, MNA has not presented any argument that these circumstances are present here.

Section 1404(a) is essentially the federal codification of the doctrine of *forum non conveniens*. *See* 28 U.S.C. § 1404(a). Pursuant to Section 1404(a), a district court can transfer a case "[f]or the convenience of parties and witnesses, in

the interest of justice, ... to any other district or division where it might have been brought." *Id.* Under this statutory provision, "[t]he defendant, because it is the party requesting a transfer of venue, bears the burden of proof to show the factors weigh strongly in favor of transfer." *Picker Intern., Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998) (internal quotations omitted). In responding to MNA's motion, Knope argues that the factors to be considered under § 1404(a) favor the forum she has chosen. But MNA expressly disclaims any reliance on 28 U.S.C. § 1404(a). Indeed, MNA posits in its reply that 28 U.S.C. § 1404(a) "is irrelevant to the instant matter." (ECF No. 9, PageID.68). Therefore, while some of the facts that MNA has set forth in its 12(b)(3) argument may also be relevant to a change of venue analysis under § 1404(a), MNA has elected not to fully develop an argument concerning the latter. Thus, any argument that the Western District is the more convenient forum is waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones."); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam) (stating that a "skeletal argument" does not preserve a claim and explaining that "[j]udges are not like

pigs, hunting for truffles buried in briefs"). This matter shall remain in this district.

MNA's alternative request for relief is **DENIED**.

## V.    CONCLUSION

For the foregoing reasons, MNA's motion to dismiss (ECF No. 7) is

**DENIED**. This matter will remain in the Eastern District of Michigan.

**IT IS SO ORDERED**.

Dated: August 24, 2020                    s/Stephanie Dawkins Davis
                                          Stephanie Dawkins Davis
                                          United States District Judge